# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| IRA B. HARRIS, | ) |
| Plaintiff, | ) |
| | ) No. 1:05-CV-217 CAS |
| v. | ) |
| GARY KEMPKER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following reassignment to the undersigned on June 12, 2006. This is a prisoner action pursuant to 42 U.S.C. § 1983. Presently pending are three motions to appoint counsel filed by the pro se plaintiff and defendants' motion to dismiss, to which plaintiff has not responded.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.") (emphasis added).

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005).

(citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

The Court will deny plaintiff's motions for appointment of counsel without prejudice because at this time the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. See id. The pending motion to dismiss addresses the issue whether plaintiff has administratively exhausted his claims. Plaintiff has submitted numerous documents with his complaint which are relevant to the issue of administrative exhaustion, and defendants have submitted exhibits in support of their motion to dismiss. In reviewing the motion to dismiss, the Court will need to carefully review all of those documents to determine the threshold issue of whether plaintiff has exhausted his administrative remedies.

The Court does not believe that it would benefit from the appointment of counsel at this time. This is because discovery has not begun, so there is no conflicting testimony. There is no indication in the record that plaintiff is unable to investigate or present this aspect of his case relating to exhaustion, where he has submitted numerous documents relevant to the issue. Finally, the issue of administrative exhaustion appears to involve information that is readily available to plaintiff. If plaintiff's claims survive the motion to dismiss, plaintiff may file a new motion for appointment of counsel, which the Court will consider.

Plaintiff will be granted until July 14, 2006, to file a written response to the defendants' motion to dismiss for failure to exhaust administrative remedies. Plaintiff may file a motion for additional time to respond, if necessary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel are **DENIED** without prejudice. [Doc. 23, 27, 31]

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 14, 2006** to file a response to defendants' motion to dismiss.

                                             **CHARLES A. SHAW**
                                             **UNITED STATES DISTRICT JUDGE**

Dated this   28th   day of June, 2006.