UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| IRA B. HARRIS, | ) |
| Plaintiff, | ) |
| | ) No. 1:05-CV-217 CAS |
| v. | ) |
| | ) |
| GARY KEMPKER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Kempker, Long, Vance and Dwyer's motion to dismiss for failure to exhaust administrative remedies. This is a prisoner action pursuant to 42 U.S.C. § 1983. The plaintiff, Ira B. Harris, alleges that the defendant prison officials failed to provide proper medical treatment for his mental health needs, including placing him in lock-down or administrative segregation for five months instead of providing him with mental health treatment, denying him prescribed mental health medications, and failing to provide him with a single-man cell as recommended by his treating physician and psychiatrist, all in violation of the Eighth Amendment. Plaintiff seeks monetary damages and an injunction requiring the defendants to provide him with necessary and adequate mental health care and to house him in a medically structured environment.

For the following reasons, the Court will deny defendants' motion to dismiss, grant plaintiff's motions to supplement his complaint with certain documents, and on its own motion reconsider its previous denial of plaintiff's motions for appointment of counsel.

**Procedural Background**.

Plaintiff is currently confined at the Southeast Correctional Center ("SECC") in Charleston, Missouri. Plaintiff originally filed suit against the defendants and others in 2003, alleging that he

suffered from chronic paranoid schizophrenia and that defendants did not give him his medications as scheduled and placed him in administrative segregation instead of providing him with mental health care.  See Harris v. Kempker, et al., No. 1:03-CV-82 CAS (E.D. Mo.) (Harris I).  In Harris I, the Court found that plaintiff had fully exhausted numerous grievances against the defendants, but had not exhausted his claim that he was placed in administrative segregation instead of being provided with mental health care.  See Harris I, Mem. and Order of July 25, 2005, at 7-10.  The Court granted defendants' motion for summary judgment, construed as a motion to dismiss without prejudice, based on plaintiff's failure to exhaust administrative remedies, relying on Kozohorsky v. Harmon, 322 F.3d 1141, 1143 (8th Cir. 2003), and Johnson v. Jones, 349 F.3d 624, 627 (8th Cir. 2003).  Plaintiff refiled this action in December 2005.[1]

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989).  When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff.  Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003).

---

[1]The Court notes that plaintiff has never served defendants Tanya Nolan, Suzie Gibbs, Amanda Payne or Kerri Davis with summons and complaint.  See Letter to Plaintiff from Clerk of the Court dated March 14, 2006 [Doc. 21].

2

**Discussion**.

The defendants move to dismiss plaintiff's complaint on the basis that he has failed to exhaust administrative remedies prior to bringing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The defendants assert that dismissal is required because plaintiff has failed to exhaust his administrative remedies in three separate ways. First, defendants state that plaintiff did not pursue all of his Informal Resolution Requests (IRRs) and grievances through the four steps required by the Missouri grievance procedure, citing Smith v. Stubblefield, 30 F.Supp.2d 1168, 1174 (E.D. Mo. 1998) (describing the steps in the Missouri grievance procedure). Second, defendants state that in the grievance they do admit plaintiff has exhausted, he did not identify defendants Kempker, Long, Vance and Dwyer, and therefore he failed to give these defendants notice and the opportunity to correct the potential problems, citing Grady v. Cross, 76 F. App'x 760, 761 (8th Cir. 2003) (unpublished per curiam) (dismissal required where plaintiff did not name one of several defendants in his grievance). Third, defendants state that plaintiff's complaint is subject to dismissal because it contains both exhausted and unexhausted claims, citing Kozohorsky, 332 F.3d at 1143 (holding that where multiple prison condition claims are brought, administrative remedies must be exhausted as to each claim or dismissal is required).

The Supreme Court recently issued an important opinion concerning the exhaustion requirement of the PLRA, Jones v. Bock, which changes the legal landscape in a significant way. Jones, 127 S. Ct. 910, __ U.S. __ (2007). The Supreme Court held in Jones that to properly exhaust administrative remedies, a prisoner must complete the administrative review process in accordance with the procedural rules as defined by the applicable prison grievance process itself. Jones, 127 S. Ct. at 922-23. Compliance with prison grievance procedures is all that is required by the PLRA to

3

properly exhaust. Id. The Court noted that the level of detail necessary to comply with grievance procedures "will vary from system to system and claim to claim[.]" Id. at 923.

In Jones, the Court held that the Sixth Circuit erred in dismissing a prisoner's case where he had not named certain defendants in the first step of his grievance process, where the applicable prison grievance procedures made no mention of naming particular officials. The Court stated that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Id. at 923. This holding overrules various decisions of the Eighth Circuit Court of Appeals which, like the Sixth Circuit, had required that a prisoner exhaust each claim against each defendant. See, e.g., Abdul-Muhammed v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006) (holding that "a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances."); Coleman v. Kemna, 83 F. App'x 140, 141 (8th Cir. 2003) (per curiam) (affirming dismissal of complaint when plaintiff did not file a grievance against a prison official named in complaint); Grady, 76 F. App'x at 761 (affirming dismissal because plaintiff "did not file and exhaust a grievance against . . . a named defendant" before filing complaint); Love v. May, 63 F. App'x 282, 283 (8th Cir. 2003) (per curiam) (affirming dismissal because plaintiff did not file grievances against three defendants named in complaint).

The Supreme Court also held that while no unexhausted claim may be considered under the PLRA, a case should not be dismissed in its entirety because it contains unexhausted claims. Jones, 127 S. Ct. at 924-25. The Court instructed that the unexhausted claims should be dismissed and the rest of the case proceed. This holding overrules other Eighth Circuit precedent, such as Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (per curiam) (holding dismissal was required where at least some of the prisoner plaintiff's claims were unexhausted).

The current version of the Missouri Department of Corrections' Offender Rulebook contains an Offender Grievance Procedure (D5-3.2), which states as follows:

> The offender grievance procedure implemented at your institution provides a method of presenting complaints and also gives staff the opportunity to resolve legitimate complaints. We encourage you to have informal discussions with your unit staff to resolve any complaints you may have. You are required to complete it prior to filing a lawsuit in the federal courts. The offender grievance procedure consists of 3 stages.
>
> **1. INFORMAL RESOLUTION REQUEST (IRR)**: If you have not been able to resolve your complaint, you may request an IRR form from unit staff. You must file this form within 15 calendar days of the incident you are complaining about. You are to receive a response within 40 calendar days of receipt of your IRR by the staff processing IRRs. If you have not received a response within that timeframe [sic], you may proceed to the grievance stage, by notifying IRR staff and requesting an offender grievance form.
>
> **2. OFFENDER GRIEVANCE**: If you are not satisfied with the response to your IRR, you will be given an offender grievance form which you must file within 7 calendar days from the date you sign the IRR response. Failure to do so will result in the complaint being abandoned. The time limitation will be suspended in the event a court orders exhaustion of administrative remedies prior to filing a lawsuit. You are to receive a response to your grievance within 40 calendar days. If no response is received within that timeframe [sic], you may request, from the grievance officer, an offender appeal form, and you may proceed to the appeal stage.
>
> **3. GRIEVANCE APPEAL**: If you are not satisfied with the response to your grievance you will be given an offender appeal form. You must file this form with the grievance officer within 7 calendar days from the date you sign the offender grievance response. If you fail to do so, it will result in the complaint being abandoned. An appeal response should be provided as soon as practical, but within 100 calendar days of receipt. After receiving the appeal response, the grievance process is exhausted.

Missouri Department of Corrections Offender Rulebook (D5-3.2), at 66-68 (2006).

Nothing in the applicable Offender Grievance Procedure requires that a prisoner name any particular individual(s) in a grievance. Based on the Supreme Court's <u>Jones</u> decision discussed above and the text of the Offender Grievance Procedure, the Court concludes that defendants' second

argument, that plaintiff failed to name the defendants in his grievances, is without merit, because such naming is not required by the Offender Grievance Procedure. The defendants' third argument, that dismissal is required because not all of plaintiff's claims are exhausted, is without merit under Jones.

Remaining is defendants' first argument, that this action should be dismissed because plaintiff failed to complete all steps of the Offender Grievance Procedure. The defendants do not specify which of plaintiff's grievances they contend are not exhausted, or in what manner the grievances are not exhausted.[2] In response to the motion to dismiss, plaintiff provides copies of numerous grievance documents and asserts that he has exhausted grievances concerning his placement in administrative segregation in lieu of receiving mental health treatment. Although some of the documents submitted by plaintiff are dated after this action was filed, others are dated pre-filing. Plaintiff has also recently moved for leave to submit numerous other documents including copies of IRRs from 2002 and 2003 concerning his placement in administrative segregation. See Docs. 41, 42. Finally, this Court noted in Harris I that documents submitted by both plaintiff and defendants supported plaintiff's assertion that certain grievances he had filed were missing. See Harris I, Mem. and Order of July 25, 2005 at 8-9.[3]

The defendants did not file a reply in support of their motion to dismiss, and as a result, for purposes of the instant motion the Court assumes that defendants concede that plaintiff's grievances

---

[2]In the future, defendants in prison litigation cases should specify exactly which of a prisoner's claims are not exhausted, and which aspects of the Offender Grievance Procedure the prisoner failed to complete.

[3]For example, the Court stated, "It is unreasonable for the defendants to assert that there are no missing grievances when documents produced by the defendants reference grievances that are not in the record." Mem. and Order of July 25, 2005 at 9.

were properly exhausted as required by the Offender Grievance Procedure. Defendants' motion to dismiss on this ground should therefore be denied.

**Appointment of Counsel**.

The Court on its own motion will reconsider its previous denial of plaintiff's motions for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

The Court will appoint counsel for plaintiff, as it is now appropriate to do so when the above factors are considered. Plaintiff has alleged a prima facie case. Plaintiff's diagnosis of paranoid schizophrenia makes it difficult for him to investigate the factual basis of this action and to prosecute this matter. Because the Court is now no longer looking only to determine whether administrative exhaustion has occurred, and will be examining the merits of this Eighth Amendment action, both the

Court and plaintiff would benefit from the appointment of counsel because the legal issues may be complex, there will be conflicting testimony, and the administrative record that exists is lengthy and complicated.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **DENIED**. [Doc. 25]

**IT IS FURTHER ORDERED** that plaintiff's motions to supplement his complaint are **GRANTED**. [Docs. 41, 42]

**IT IS FURTHER ORDERED** that Mr. William C. Vandivort, of Vandivort Law Offices, 316 S. Kingshighway, P.O. Box 158, Sikeston, Missouri 63801, telephone number (573) 471-8278, is hereby appointed as counsel for the plaintiff. Counsel shall have forty-five (45) days from the date of receipt of the Court file in which to file an amended complaint if deemed appropriate.

**Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of February 24, 2004 concerning the Attorney Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated February 24, 2004. Form requests for compensation of services and reimbursement of expenses may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide appointed counsel with a copy of the complete Court file.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of February, 2007.