**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| IRA B. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CV-217 CAS |
| v. ) | |
| ) | |
| GARY KEMPKER, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to appoint a guardian ad litem, the defendants' opposition to the motion, and a letter to the Court from plaintiff Ira B. Harris. Mr. Harris supports the motion to appoint guardian ad litem filed by appointed counsel, and suggests that the Court appoint as his guardian Mrs. Darlene Hudson of St. Louis, Missouri.

**Discussion**.

Federal Rule 17(c) provides for the appointment of a next friend or guardian ad litem to protect the interests of an incompetent party to litigation. The Rule provides:

> **Infants or Incompetent Persons**. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Fed. R. Civ. P. 17(c).

As a procedural matter, the Court believes that plaintiff properly seeks the appointment of a next friend, as opposed to a guardian ad litem, because he is prosecuting rather than defending this action. "The function and powers of a next friend and a guardian ad litem are different. The next friend normally prosecutes actions and a guardian ad litem defends actions. Nevertheless, they are both officers of the court and their rights and duties are basically the same." Lechner v. Whitesell, 811 S.W.2d 859, 861 (Mo. App. 1991). Cf. Mo. Rev. Stat. § 507.110 (2000) (describing appointment of next friend to prosecute or guardian ad litem to defend action on behalf of minor). The Court will therefore construe the motion as a motion for appointment of next friend.

Missouri Supreme Court Rule 52.02(k) provides:

> Whenever it shall be suggested or affirmatively appear to the court that any person not having a duly appointed guardian is incapable by reason of mental or physical infirmity of instituting suit or of properly caring for the person's own interests in any litigation brought by or against such person, the court shall inquire into the person's mental or physical condition for the purpose of the particular litigation and shall hear and determine such issue. If it is found to be proper for the protection of the person, the court may appoint a next friend or guardian ad litem for said person for the purpose of the particular litigation.

Mo. Sup. Ct. Rule 52.02(k). The Court will use this standard to determine whether a next friend should be appointed to assist plaintiff with the prosecution of this action.

The motion for appointment of next friend states that at least twice since counsel was appointed for plaintiff in this action in February 2007, plaintiff's psychiatric condition has required that plaintiff be removed from the Bonne Terre Correctional Center and transferred to the Biggs Forensic Center, an institute of the Missouri Department of Mental Health. These transfers caused plaintiff's appointed counsel to question whether plaintiff was capable of receiving and evaluating information, and making and communicating decisions regarding the conduct of this case.

2

Appointed counsel took the deposition of Dr. Bruce Harry, plaintiff's treating physician at the Biggs Forensic Center. Dr. Harry testified that plaintiff has a severe mental disease which, at times, causes plaintiff to have disorganized thinking, including difficulty making decisions, and difficulty taking in, understanding and processing information. See Harry Dep. at 32, Ex. 1 to Mem. in Supp. of Mot. for Appointment. Dr. Harry testified that plaintiff is sometimes unable to talk in a coherent fashion, and experiences auditory hallucinations and problems organizing his thoughts and speech. Id. at 33. Dr. Harry testified that plaintiff is sometimes capable of making rational, informed decisions, and sometimes not, depending on the status of his illness. Id. at 34. Dr. Harry also testified that plaintiff's medication had been changed because it caused plaintiff to sleep day and night except for a few hours. Id. at 29. Dr. Harry opined that a next friend should be appointed to assist plaintiff in the prosecution of this action, as such assistance would benefit plaintiff a "great deal." Id. at 35, 36.

The defendants object to the appointment of a next friend on the basis that "plaintiff has demonstrated the ability to communicate with appointed counsel and with this Court." Response at 1. Defendants assert that "the severity of plaintiff's mental health" is unclear from Dr. Harry's deposition, and that Dr. Harry's response as to whether plaintiff is capable of making rational, informed decisions was equivocal.

The Court finds that plaintiff has established he has a severe mental illness, which at times causes him to have auditory hallucinations, to be unable to speak coherently, to have disorganized thinking, including difficulty making decisions, and to experience difficulty taking in, understanding and processing information. Although Dr. Harry testified that plaintiff is sometimes capable of making rational, informed decisions, he also testified unequivocally that sometimes plaintiff is not

capable of making such decisions. The Court therefore finds and concludes that, at times, plaintiff is incapable by reason of mental infirmity of properly caring for his own interests in this litigation. As a result, it is proper to appoint a next friend for plaintiff's protection and assistance in this litigation. See Mo. Sup. Ct. Rule 52.02(k).

The Court must now determine whether Mrs. Hudson should be appointed as plaintiff's next friend. In Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), the Supreme Court identified two "firmly rooted" prerequisites for standing as a next friend. First, the next friend must provide an explanation as to why the real party in interest cannot appear on his own behalf. This prerequisite has been met in this action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate. The majority of courts have held that the next friend must have some significant relationship with the real party in interest. See Whitmore, 495 U.S. at 163-64; Carson P. v. Heineman, 240 F.R.D. 450, 516 (D. Neb. 2007) (surveying federal law). In addition, under Missouri law, a person who is nominated to serve as next friend must file a written consent to serve. See Mo. Rev. Stat. §§ 507.130, 507.170; Mo. Sup. Ct. Rules 52.02(c), (d), (f).

Therefore, before the Court can appoint Mrs. Hudson as plaintiff's next friend, plaintiff must file (1) a response to this order which shall state facts from which the Court can determine whether Mrs. Hudson is truly dedicated to plaintiff's best interests and what her relationship is to the plaintiff;[1] and (2) a written consent to serve as plaintiff's next friend signed by Mrs. Hudson.

---

[1]To file a response to this Order, in Civil Events portion of CM/ECF, select "Other Filings," then "Other Documents," then "Response to Court." Counsel is requested to refrain from including any personal data identifiers in the Response or the written consent, in accordance with Local Rule 2.17.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of guardian ad litem, construed as a motion for appointment of next friend, is **held in abeyance** pending the filing of a response to this order and a consent to act as next friend as set forth herein.

**IT IS FURTHER ORDERED** that such response and consent shall be filed within thirty (30) days of the date of this order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of December, 2007.