UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| IRA B. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:05-CV-217 CAS |
| v. | ) |
| | ) |
| GARY KEMPKER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to appoint a guardian ad litem, construed as a motion to appoint a next friend, and plaintiff's Response to Court filed in response to the Memorandum and Order of December 6, 2007. For the following reasons, the Court will grant plaintiff's motion to appoint a next friend and will appoint Mrs. Darlene Hudson as plaintiff's next friend in this action.

**Discussion**.

Federal Rule 17(c) provides for the appointment of a next friend or guardian ad litem to protect the interests of an incompetent party to litigation. The Rule provides:

> **Infants or Incompetent Persons**. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Fed. R. Civ. P. 17(c).

The Court also looks to state law and procedure for guidance with respect to the issue of appointment of a next friend. Missouri Supreme Court Rule 52.02(k) provides:

> Whenever it shall be suggested or affirmatively appear to the court that any person not having a duly appointed guardian is incapable by reason of mental or physical infirmity of instituting suit or of properly caring for the person's own interests in any litigation brought by or against such person, the court shall inquire into the person's mental or physical condition for the purpose of the particular litigation and shall hear and determine such issue. If it is found to be proper for the protection of the person, the court may appoint a next friend or guardian ad litem for said person for the purpose of the particular litigation.

Mo. Sup. Ct. Rule 52.02(k).

In Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), the Supreme Court identified two "firmly rooted" prerequisites for standing as a next friend. First, the next friend must provide an explanation as to why the real party in interest cannot appear on his own behalf. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate. The majority of courts have held that the next friend must have some significant relationship with the real party in interest. See Whitmore, 495 U.S. at 163-64; Carson P. v. Heineman, 240 F.R.D. 450, 516 (D. Neb. 2007) (surveying federal law). Under Missouri law, a person who is nominated to serve as next friend must file a written consent to serve. See Mo. Rev. Stat. §§ 507.130, 507.170 (2000); Mo. Sup. Ct. Rules 52.02(c), (d), (f).

With respect to the first prerequisite, the Court previously determined that plaintiff established he has a severe mental illness which at times causes him to have auditory hallucinations, to be unable to speak coherently, to have disorganized thinking, including difficulty making decisions, and to experience difficulty taking in, understanding and processing information. See Mem. and Order of Dec. 6, 2007, at 3-4. The Court has concluded that, at times, plaintiff is incapable by reason of mental infirmity of properly caring for his own interests in this litigation and, as a result, it is

appropriate to appoint a next friend for plaintiff's protection and assistance in the prosecution of this litigation. Id. at 4; see Mo. Sup. Ct. Rule 52.02(k).

With respect to the second prerequisite, plaintiff has filed a letter from Mrs. Hudson dated December 18, 2007, which sets forth facts concerning her relationship with the plaintiff. See Doc. 71 at 5. The letter states that Mrs. Hudson has known plaintiff as a friend for over twenty years, that she and plaintiff are now engaged to be married, and that she has plaintiff's "best interest at heart." Id. Mrs. Hudson has also submitted a Consent to Act as Next Friend, as required by Missouri law. Based on the facts set forth in Mrs. Hudson's letter, the Court finds that Mrs. Hudson has a significant relationship to the plaintiff and is truly dedicated to his best interests. See Whitmore, 495 U.S. at 163-64. Mrs. Hudson therefore has standing to be appointed as plaintiff's next friend in this action.

For these reasons, the Court will grant plaintiff's motion for appointment of next friend, and will appoint Mrs. Darlene Hudson as next friend for plaintiff in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of guardian ad litem, construed as a motion for appointment of next friend, is **GRANTED**. [Doc. 59]

**IT IS FURTHER ORDERED** that Mrs. Darlene Hudson is appointed as next friend on behalf of plaintiff in this action.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __3rd__ day of January, 2008.