# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| IRA B. HARRIS, by and through | ) | |
| his next friend DARLENE HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV217 SNLJ |
| | ) | |
| GARY KEMPKER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on motion for summary judgment (#92) filed on September 19, 2008, by defendants Gary Kempker, Steve Long, Laura Vance (now Laura Doyle), and Chuck Dwyer. Plaintiff filed a response in opposition (#96) on October 29, 2008. Defendants then filed a reply (#100) on November 10, 2008. Defendants seek summary judgment on all counts of plaintiff's second amended complaint.

## I.  Statement of the Case

Plaintiff Ira B. Harris is an inmate confined by the Missouri Department of Corrections ("MDOC") for the past 19 years. He is serving six life sentences, three forty-year sentences, and one thirty-year sentence. Plaintiff suffers from severe mental illnesses including chronic paranoid schizophrenia, bi-polar disorder, and antisocial personality disorder. These conditions cause several symptoms including auditory hallucinations and paranoid ideations. The "voices" heard by the plaintiff command him to take actions such as attempt suicide and refuse his medications.

Plaintiff's claims against all defendants allegedly arise from February 2003, to the present, during his confinement at the Potosi Correctional Center ("PCC"), Southeast Correctional Center ("SECC"), and Eastern Reception Diagnostic and Correctional Center. The defendants party to

this motion are former prison officials: Gary Kempker, former Director of Corrections; Laura Vance, former Assistant or Associate Superintendent at SECC; Chuck Dwyer, former Superintendent at SECC; and Steve Long, the former Director of Adult Institutions and now present Chairman of the Board of Probation and Parole.

Plaintiff's second amended complaint alleges that all defendants, acting under the color of state law, deprived him of his Constitutional Rights in violation of 42 U.S.C. § 1983. He alleges that all defendants, jointly and severally, in their individual and official capacities, subjected him to cruel and unusual punishment in violation of the Eight Amendment by showing indifference to his welfare and failing to provide necessary mental health and medical care to him. Specifically, plaintiff alleges that these defendants were deliberately indifferent to his medical needs by ignoring grievances and letters outlining plaintiff's poor medical treatment and by refusing to transfer plaintiff to a single man cell or to Biggs Mental Health Hospital.

## II.  Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia

Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

## III. Defendants' Motion for Summary Judgment

### A. Medical Treatment

A prisoner's Eighth Amendment rights are violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs. Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). A claim involves both an objective and subjective standard. Estelle, 492 U.S. at 103. It is the plaintiff's burden to demonstrate "(1) that he suffered objectively serious medical needs and (2) that prison officials actually knew of but deliberately disregarded those needs." Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). Part two of plaintiff's burden involves the subjective standard under which , an official is deliberately

indifferent if he knows of and disregards an excessive risk to inmate health or safety. <u>Farmer</u>, 511 U.S. at 837. "[T]he official must be aware of facts from with the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> The Eighth Circuit has defined a "serious medical need" as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." <u>Camberos v. Branstad</u>, 73 F.3d 174, 176 (8th Cir. 1995), *quoting* <u>Johnson v. Busby</u>, 953 F.2d 329, 351 (8th Cir. 1991).

In this case, medical care and treatment at SECC was contracted out to a private company, defendant Correctional Medical Services, Inc. ("CMS"). To establish an Eighth Amendment violation based on indifference to medical needs plaintiff must establish that each defendant was personally involved in the constitutional deprivation at issue. <u>Wilson v. Cross</u>, 845 F.2d 163, 165 (8th Cir. 1988). Plaintiff contends that despite the fact that actual medical care was given by CMS, these four defendants are also liable because, after reviewing plaintiff's complaints regarding his medical care, they failed to take action. However, the Eighth Circuit has held that simply reviewing grievances is insufficient to impose liability on a prison official for a § 1983 claim for inadequate medical treatment. <u>Rowe v. Norris</u>, 2006 WL 2711945 (8th Cir.); *see* <u>Camberos</u>, 73 F.3d at 176 (prison officials who lacked medical expertise were not liable for the diagnostic decisions of medical staff). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment or by prison doctors who fail to respond to prisoner's serious medical needs." <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1239 (8th Cir. 1997). Here, however, there is no evidence that these defendants intentionally acted to deny or delay plaintiff's access to medical care.

The only connection defendants Kempker and Vance had with plaintiff's medical care was a grievance letter sent by plaintiff to these defendants, but the responsibility for reviewing grievances was assigned to others. Moreover, they did not have any medical expertise that would make them aware that plaintiff was not receiving his medications as intended by the medical staff. Nor is there any evidence that they were aware of the nature of plaintiff's illness or any risk associated with not receiving his medication daily.

Defendant Dwyer testified that he reviewed the responses to a grievance complaint filed by plaintiff while he was housed at PCC. But his review was associated with cell assignment, and although he knew of plaintiff's behavioral problems, he did not know whether they were a result of mental illness. There is no evidence that defendant Dwyer was aware that plaintiff was not receiving his medications as prescribed nor that he acted intentionally to prevent plaintiff from receiving medical treatment. In addition, defendant Dwyer, like the others, had no medical expertise that would put him on notice of the risks associated with plaintiff not receiving his medication daily.

Finally, defendant Long testified that as Assistant Director of Adult Institutions, he oversaw operations of prisons mostly on the eastern side fo the state, and that he was "involved with the construction of new prisons, policy and procedure development." He was also responsible for dealing with inmate complaints and conduct violations. Defendant Long stated that he did review plaintiff's medical grievances, but that upon reviewing the complaint he noted that he was on medication and expected that it "would be dispensed in a – some protocol that Medical had determined." There is no evidence to suggest that defendant Long was ever aware that plaintiff's medications were not being administered as prescribed. There is also no evidence

to suggest that defendant Long was aware of any risk or side effect associated with plaintiff's failure to receive a dose of his medication.

Based on the foregoing uncontroverted evidence plaintiff has failed to establish that defendants Kempker, Vance, Dwyer, and Long acted with deliberate indifference. These defendants are therefore entitled to summary judgment on plaintiff's claim of Eighth Amendment violation for failure to provide medical care.

### B. Housing

Defendants also maintain that requests to be housed in a single cell or to be transferred were never improperly denied. The record shows that inmates are not assigned to a single cell unless there is a recommendation that the inmate would benefit from such an arrangement. Defendants Dwyer and Vance were the only parties involved in cell assignments, and it appears that both these parties reviewed cell classifications. In addition, defendant Dwyer also reviewed plaintiff's grievances associated with his cell assignment.

Although there were times that plaintiff was housed in a single man cell or transferred to different medical units or hospitals, there is no evidence that defendants Dwyer or Vance acted contrary to medical recommendations when assigning plaintiff to a cell or location. Plaintiff can only present evidence of one time in which medical staff requested a single cell assignment for plaintiff and it was not granted. At that time, defendant Dwyer merely requested an additional evaluation of plaintiff because Dwyer did not review the request until six months after the initial request was made. This single action does not amount to a constitutional violation.

All defendants are entitled to summary judgment on this claim.

### IV. Immunity

Because plaintiff has failed to establish a constitutional violation by defendants for failure to give medical treatment or for failure to be assigned to a single man cell, this Court need not address defendants' arguments regarding qualified immunity and immunity under the Eleventh Amendment.

## V.  Injunctive Relief

Because this Court has found that plaintiff has failed to establish that the parties defendant to this motion have violated any of plaintiff's constitutional rights,  there is no action upon which to grant a preliminary injunction.

## VI.  Conclusion

Plaintiff has failed to establish that defendants were deliberately indifferent to his medical care resulting in a violation of his Eighth Amendment rights.  Plaintiff has also failed that his cell assignment and failure to be transferred to Biggs amounted to violations of his Eighth Amendment rights.  Therefore, defendants Kempker, Long, Vance, and Dwyer are all entitled to summary judgment on all counts.

Accordingly,

**IT IS HEREBY ORDERED** that all claims against defendants Gary Kempker, Steve Long, Laura Vance, and Chuck Dwyer are dismissed with prejudice.

Dated this    19th    day of March, 2009.

_____

UNITED STATES DISTRICT JUDGE